IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| MIGUEL ANGEL LOPEZ, | ) |
| Petitioner, | ) ) ) |
| v. | ) Civil Action No. 4:14-cv-01631-KOB-JHE |
| GEORGE H. WIND, III, et al., | ) ) ) |
| Respondents. | ) |

**MEMORANDUM OPINION**

On August 22, 2014, Petitioner Miguel Angel Lopez filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  (Doc. 1).  At the time he filed his petition, Lopez, a native of El Salvador, was incarcerated at the Etowah County Detention Center, in the custody of the Bureau of Immigration and Customs Enforcement ("ICE").  In his petition, Lopez alleged that he was being illegally detained by ICE pending his deportation to El Salvador.  On January 6, 2015, Lopez was released from ICE custody pursuant to an Order of Supervision.  (Doc. 7-1). Respondents have filed a motion to dismiss the action as moot, because Lopez is no longer in ICE custody.  (Doc. 7).  For the reasons stated below, Respondents' motion will be granted and the action dismissed as moot.

Article III of the Constitution limits the jurisdiction of federal courts to the consideration of "cases or controversies." U.S. CONST. art. III, § 2.  The doctrine of mootness is derived from this limitation because "an action that is moot cannot be characterized as an active case or controversy." *Adler v. Duval Cnty. Sch. Bd.*, 112 F.3d 1475, 1477 (11th Cir. 1997).  A case is moot and must be dismissed if the court can no longer provide "meaningful relief." *Nyaga v. Ashcroft*, 323 F.3d 906, 913 (11th Cir. 2003) (citations omitted). Lopez's release from ICE

custody rendered his petition moot.

The relief sought by Lopez in his petition was to be released from ICE custody. Because Lopez is no longer in ICE custody, his petition has been rendered moot, unless an exception to the mootness doctrine applies. The mootness doctrine allows two exceptions: (1) collateral consequences and (2) "capable of repetition yet evading review." *Carafas v. LaVallee*, 391 U.S. 234, 237, (1968); *Murphy v. Hunt*, 455 U.S. 478, 482, (1982). Neither exception applies here. The collateral consequences exception does not apply because no "disabilities or burdens . . . may flow" from the custody that Lopez challenges. *See Carafas*, 391 U.S. at 237, 88 S. Ct. at 1559. The exception for events "capable of repetition, yet evading review" does not apply here either. Petitioner has been released from custody, and the potential circumstances of this case happening again are too speculative to create an actual controversy sufficient to support a claim for relief. *See Weinstein v. Bradford*, 423 U.S. 147, 149, (1975) (holding that the "capable of repetition, yet evading review" exception applies when (1) the challenged action is too short in duration to be fully litigated prior to its cessation or expiration, and (2) a reasonable expectation exists that the same complaining party would be subjected to the same action again.). Because the court can no longer grant any relief to Lopez, his petition is due to be dismissed as moot.

Based on the foregoing, the Respondents' motion to dismiss, (doc. 7), is **GRANTED**. A separate order will be entered.

DONE this 28th day of January, 2015.

KARON OWEN BOWDRE
CHIEF UNITED STATES DISTRICT JUDGE